E-FILED
Thursday, 05 November, 2026 02:51:49 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **DANNIE WILEY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-3042** |
| | ) | |
| **JANE DOE *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed by Plaintiff Dannie Wiley, an inmate at Centralia Correctional Center. Plaintiff has also filed a Motion for Status (Doc. 18).

## I. Screening Standard

Plaintiff's Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Factual Allegations

Plaintiff's pleading alleges constitutional deprivations at Graham Correctional Center ("Graham") against the following officials: Illinois Department of Corrections Director Latoya Hughes, former Warden Steven Campbell, Warden Vanessa Armstrong, and mailroom clerk Jane Doe.

Plaintiff asserts that from September to December 2023, Plaintiff received three correspondences from his attorney that were opened outside of his presence. Plaintiff states that the following notation appeared on two of the three letters: "This correspondence was received and open[ed] in the mailroom as it was not clearly marked 'Legal' or 'Privileged.'" (Doc. 1 at 6.) Plaintiff asserts the mailings were marked "Legal Mail." (*Id*. at 14, 16-17.) Plaintiff subsequently filed grievances that Defendants Armstrong, Campbell, and Hughes processed.

## III. Analysis

"An inmate's legal mail … is entitled to greater protections because of the potential for interference with his right of access to the courts." *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). "Thus, when a prison receives a letter for an inmate … marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." *Id*. at 686. However, isolated incidents of opening a prisoner's legal mail outside of his presence generally do not violate the Constitution, absent a detrimental effect on the prisoner's "access to justice." *Guajardo-Palma v. Martinson*, 622 F.3d 801, 805 (7th Cir. 2010). Prison officials, however, may open mail outside the prisoner's presence when the letters "either

are public or if private still are not of a nature that would give the reader insights into the prisoner's legal strategy." *Guajardo-Palma*, 622 F.3d at 806.

Plaintiff's account is sufficient to state a claim against Defendant Doe but not the remaining Defendants for processing his grievance. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in [constitutional] violations are responsible."); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance.").

However, because the Clerk of the Court cannot affect service of process on a Doe Defendant, Warden Vanessa Armstrong will remain a party solely to facilitate identification of the unknown mail clerk. See *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation" by "allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible.").

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Status (Doc. 18) is MOOT.**

2) **According to the Court's merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment Access to the Court claim against Defendant Doe. Warden Vanessa Armstrong will remain as a party solely to facilitate identification of Doe. Plaintiff's claim against Doe proceeds in an individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil**

**Procedure 15. Plaintiff's claims against Defendant Doe proceed in an individual capacity only.**

3) **The Clerk of the Court ("Clerk") is DIRECTED to dismiss Latoya Hughes and Steven Campbell as parties.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

7) **Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings must address the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.**

8) **This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent**

**to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

9) **The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

10) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

11) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED November 5, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE